IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-00380-NYW

D.C.,[1]

    Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,[2]

    Defendant.

## ORDER

This matter comes before the Court on Plaintiff's amended Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion for Attorney's Fees" or "Motion"). [Doc. 26, filed December 19, 2022]. Upon review of the Motion, the related briefing, and the applicable case law, the Motion for Attorney's Fees is **DENIED**.

## BACKGROUND

Plaintiff appealed to this Court for review of the final decision made by the Commissioner of Social Security Administration (the "Commissioner" or "Defendant") denying the application for Disability Insurance Benefits ("DIB"). *See generally* [Doc. 1]. Plaintiff filed an application

---

[1] The Local Rules for this District provide that "[a]n order resolving a social security appeal on the merits shall identify the plaintiffs by initials only." D.C.COLO.LAPR 5.2(b). Accordingly, this court refers to Plaintiff using only her initials.

[2] On July 9, 2021, President Biden appointed Kilolo Kijakazi as Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Kijakazi should be substituted for Andrew M. Saul, former Commissioner of Social Security, as the defendant in this suit. No further action need be taken to continue this suit pursuant to the Social Security Act, 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner pg Social Security or any vacancy in such office.").

1

for DIB on February 15, 2011, alleging she became disabled on June 16, 2009. [Doc. 13-5 at 246].[3] Plaintiff later amended her alleged onset date to June 17, 2010. [Doc. 13-4 at 200]. Plaintiff claims she could not work due to several medical conditions, including, *inter alia*, plantar fasciitis, vertigo, headaches, depression, and anxiety. [Doc. 13-4 at 202–06]. The Social Security Administration denied Plaintiff's claim on March 30, 2011. [*Id.* at 185–87].

This action was Plaintiff's third appeal to this Court. *See* [Doc. 1 at 2–3; Doc. 14 at 4]. Plaintiff filed her first appeal with this Court on December 9, 2013. *See* [ECF No. 1], *Contreras v. Colvin v. Colvin*, No. 13-cv-03310-KMT (D. Colo. Dec. 9, 2013). After full briefing, the Court remanded the matter in an order dated March 30, 2015, on the basis that the Administrative Law Judge ("ALJ") did not properly evaluate an opinion, and because Plaintiff submitted new evidence to the Appeals Council. *See* [Doc. 13-9 at 790–805]. On remand, Plaintiff's claim was again denied by an ALJ on February 2, 2016. [*Id.* at 812–37]. On July 28, 2017, the Appeals Council remanded the case so the ALJ could consider additional opinions of one of Plaintiff's medical providers. [*Id.* at 838–41]. On June 26, 2018, the same ALJ issued a new decision again denying Plaintiff's claim. [Doc. 13-16 at 2016–34]. Plaintiff then filed a second civil action, *Contreras v. Saul*, No. 19-cv-01180-REB (D. Colo. 2019). *See* [Doc. 14 at 4]. Following the Commissioner's voluntary request for remand, [Doc. 13-16 at 2046–49], on January 10, 2020, the Appeals Council remanded the matter and directed the ALJ to, *inter alia*, further evaluate Plaintiff's mental impairments, alleged symptoms, and residual functional capacity ("RFC") during the relevant period. [*Id.* at 2053–55].

---

[3] When citing to the Administrative Record, the Court utilizes the docket number assigned by the CM/ECF system and the page number associated with the Administrative Record, found in the bottom right-hand corner of the page. For all other documents the court cites to the document and page number generated by the CM/ECF system.

ALJ Kurt Schuman presided over a telephonic hearing on September 8, 2020. *See* [Doc. 13-15 at 1971–73]. Following the hearing, the ALJ issued a decision denying Plaintiff's claim on September 25, 2020. [*Id*. at 1943–57]. The ALJ found that Plaintiff met the insured status requirements of the Act through March 31, 2011, and had not engaged in substantial gainful employment since June 16, 2009. [*Id*. at 1948–49]. At Step Two, the ALJ found that Plaintiff had the following severe impairments: plantar fasciitis and obesity. [*Id*. at 1949]. The ALJ also noted references in the record to "GERD, hypertension, obstructive sleep apnea, left knee arthritic changes, bilateral hip osteoarthritis, diverticulosis, large gallstone, small hiatal hernia, fatty liver, bulky uterus, diabetes mellitus, congestive heart failure, vertigo, and benign neoplasm of pituitary gland." [*Id.*]. However, the ALJ found that these conditions did not cause "significant, ongoing work-related functional limitations during the period from the amended alleged onset date [June 17, 2010] through the date last insured." [*Id.*]. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or equals the severity of one of the listed impairments in the Regulations. [*Id*. at 1951]. The ALJ ultimately concluded Plaintiff was not disabled because her RFC permitted her to perform a range of light work, with the following limitations:

> [Plaintiff] was able to lift up to 20 pounds occasionally, and was able to lift and carry 10 pounds frequently, but was only able to stand or walk for approximately 4 hours per 8-hour workday, with normal breaks. She would have also required a sit-stand option; that is, she required the option to sit or stand alternatively, at will, in order to accommodate her need to change from a standing position to a sitting position, or vice versa, approximately 1 to 2 times an hour, provided she was not off task more than 5 percent of the work period. She must never have been required to climb ladders, ropes, or scaffolds. She was able to occasionally climb ramps and stairs, balance stoop, crouch, kneel, and crawl. She was further limited in that she must have avoided frequent exposure to excessive heat and excessive cold, and must have avoided occasional exposure to excessive vibration, and occasional exposure to irritants such as fumes, odors, dust, and gases, as well as poorly ventilated areas. She must have avoided all use of moving and/or dangerous

>machinery, and she must have avoided all exposure to unprotected heights. She must also have avoided concentrated exposure to excessive noise.

[*Id.* at 1951–52].

Plaintiff filed a Notice of Exceptions regarding the ALJ's decision on October 9, 2020, [Doc. 13-17 at 2214–20], which the Appeals Council denied on January 22, 2021, [Doc. 13-15 at 1936–41]. Plaintiff sought judicial review of the Commissioner's final decision in the United States District Court for the District of Colorado on February 8, 2021. *See* [Doc. 1].

On September 30, 2022, this Court entered a Memorandum Opinion and Order reversing and remanding the Commissioner's decision. *See* [Doc. 21]. The Court concluded that the ALJ, in determining Plaintiff's RFC, failed to provide an adequate explanation or support for his conclusion that Plaintiff's subjective statements regarding her symptoms were inconsistent with the evidence in the record. [*Id.* at 29]. More specifically, the Court found that the ALJ did not cite "specific reasons for the weight given to [Plaintiff's] symptoms" or support the weight given with citations to the evidence. [*Id.*]. The Court also found that the record contained some objective evidence of an impairment capable of producing the type of pain of which Plaintiff complained, and therefore the ALJ was "required to consider whether Plaintiff's impairments were in fact disabling, based on all of the evidence of record, both objective and subjective." [*Id.* at 31]. In performing this analysis, the Court relied upon Social Security Ruling ("SSR") 16-3p, 2017 WL 5180304 (Oct. 25, 2017), and its guidance that in evaluating a claimant's symptoms, it is not enough for an ALJ "to make a single, conclusory statement that 'the individual's statements about his or her symptoms have been considered' or that 'the statements about the individual's symptoms are (or are not) supported or consistent.'" SSR 16-3p, 2017 WL 5180304, at *10. Rather, "[t]he determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the

4

individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id*.; *see also Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) ("Findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings."); [Doc. 21 at 25–26]. The Court concluded that, based on the record, the ALJ failed to properly assess Plaintiff's credibility insofar as he failed to provide adequate reasons for his findings, and because he did not closely and affirmatively link his conclusions to the evidence. [Doc. 21 at 32]. Because it was unclear whether or not this error was harmless, the Court determined that this matter must be reversed and remanded. [*Id.*].

On December 19, 2022, Plaintiff filed the instant Motion, seeking an award of $6,491.12 under the Equal Access to Justice Act ("EAJA"). [Doc. 26]. The Commissioner opposes the requested award, arguing her position was substantially justified and special circumstances in this case would make an award unjust. *See* [Doc. 28]. Plaintiff replied on January 18, 2023, stating, *inter alia*, that "the Commissioner has not met her burden of showing that her position in the [underlying] administrative actions *and* in this litigation were substantially justified," and there are no special circumstances that would make an award of fees unjust in this case. [Doc. 29 at 2, 8]. Because the matter is fully briefed, the Court considers the Parties' arguments below.

## LEGAL STANDARD

The EAJA authorizes the Court to award attorney's fees and expenses to a prevailing party, other than the United States, unless the Court "finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Commissioner does not contest that Plaintiff is the prevailing party, but instead argues that her position was substantially justified, and special circumstances would render an award unjust in this case.

***Substantially Justified.*** The Commissioner carries the burden of proving her position was substantially justified. *See Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citations omitted). In the Tenth Circuit, "substantial justification" requires a showing of "reasonableness in law and fact." *Id.* (quoting *Gilbert v. Shalala,* 45 F.3d 1391, 1394 (10th Cir. 1995)). In other words, the government's position must be "justified to a degree that could satisfy a reasonable person." *Id.* (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). The government's "position can be justified even though it is not correct." *Id.* (quoting *Pierce*, 487 U.S. at 566 n.2). "A position taken by the ALJ or government that 'contravene[s] longstanding agency regulations, as well as judicial precedent,' is not substantially justified." *Quintero v. Colvin*, 642 F. App'x 793, 796 (10th Cir. 2016) (quoting *Stewart v. Astrue*, 561 F.3d 679, 684 (7th Cir. 2009); *see also Washington v. Heckler*, 756 F.2d 959, 962 (3d Cir. 1985) ("When the government's legal position clearly offends established precedent . . . its position cannot be said to be 'substantially justified.'")). The government is more likely to meet the substantial justification standard "when the legal principle on which it relied is 'unclear or in flux.'" *Evans v. Colvin*, 640 F. App'x 731, 732 (10th Cir. 2016) (quoting *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)). A finding of substantial justification is within the discretion of the trial court. *Hackett*, 475 F.3d at 1172.

For purposes of EAJA fees, the government's position is both the stance it took in the underlying administrative proceeding and in subsequent litigation defending that stance. *Id.* at 1174; *see also Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990) (The term "position" "may encompass both the agency's prelitigation conduct and the [government's] subsequent litigation positions."). Fees under the EAJA "generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation

6

position." *Hackett*, 475 F.3d at 1172 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)). However, the Tenth Circuit recognizes an exception to this rule when the government advances a reasonable litigation position that "cure[s] unreasonable agency action." *Id.* at 1173–74.

***Special Circumstances.***  The "special circumstance" exception "has two purposes: (1) it acts as a safety valve to insure that the government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts[,] and (2) it gives courts discretion to deny awards where equitable considerations dictate an award should not be made." *Murkeldove v. Astrue*, 635 F.3d 784, 794–95 (5th Cir. 2011) (ellipses, internal quotations, and citation omitted); *see also Scarborough v. Principi*, 541 U.S. 401, 422–23 (2004) ("[The] EAJA itself has a built-in check: Section 2412(d)(1)(A) disallows fees where 'special circumstances make an award unjust.'"). The EAJA "explicitly directs a court to apply traditional equitable principles in ruling upon an application for counsel fees by a prevailing party." *Oguachuba v. I.N.S.*, 706 F.2d 93, 98 (2d Cir. 1983).

## ANALYSIS

As previously discussed, this Court remanded this matter because the ALJ did not provide an adequate explanation or support for his conclusion that Plaintiff's subjective statements regarding her symptoms were inconsistent with the evidence in the record. [Doc. 21 at 29, 32]. This is the only conclusion on which Plaintiff bases her request for fees in the instant Motion. *See generally* [Doc. 26].[4]

---

[4] Plaintiff acknowledges she "also argued that the ALJ erred in his treatment of the medical opinion evidence," but "the Court did not find sufficient error in those assessments to justify reversal"; and "also argued that the ALJ's Step Five finding was legally erroneous and a violation of the Commissioner's policy in Social Security Ruling 83-12, but the Court did not make any ruling on

7

I.  **Substantially Justified**

The Commissioner argues her position "was substantially justified considering the case as a whole and the totality of the circumstances here." [Doc. 28 at 3]. Specifically, she argues that "Plaintiff's thirty-page opening brief devoted barely more than a page to arguing the ALJ did not adequately articulate how he considered her subjective testimony, with no case-specific citations apart from one citation to the ALJ's decision (*see* ECF No. 14 at 33-34)." [*Id.* at 4]. In response to Plaintiff's argument on this issue, the Commissioner states she "noted that Plaintiff had not proved she was as limited as she claimed and argued that Tenth Circuit law did not require a formalistic analysis (ECF No. 17 at 14-16)." [*Id.*]. She also "argued the ALJ's decision demonstrated that the ALJ had considered the objective evidence, the medical source opinions, and Plaintiff's course of treatment (ECF No. 17 at 15)." [*Id.* at 4–5]. The Commissioner further states she "cited the ALJ's noted example of an inconsistency" in the record. [*Id.* at 5 ("ALJ observed 'record notes some complaints of foot pain, but also note[s] normal gait'" (citation omitted))]. Thus, according to the Commissioner, her "position was that, reading the ALJ's decision as a whole, the ALJ's articulation was adequate." [*Id.*].

Plaintiff counters that the government's actions at the administrative level lacked substantial justification because the ALJ "failed to sufficiently explain his evaluation of the consistency (credibility) of [Plaintiff'] subjective statements regarding her symptoms in relation to the rest of the record." [Doc. 26 at 5]; *see also* [*id.* at 7 ("[T]he ALJ failed to cite sufficient reasons for rejecting Ms. Contreras' statements, contrary to the Commissioner's own policy.")]. Plaintiff also argues that the Commissioner's "position in this litigation (on the same issue) was not substantially justified" because the Commissioner argued that the ALJ considered Plaintiff's

---

that argument, instead finding that the ALJ's error in the evaluation of the consistency of Ms. Contreras' statements" warranted reversal. [Doc. 26 at 7]; *see also* [Doc. 21 at 25–33].

8

subjective complaints and cited evidence to support his findings, but "in fact he did not." [*Id.* at 6–8]. Plaintiff asserts that "[t]he only attempt the ALJ made to justify his finding was the citation to an office note in April 2011 that [Plaintiff] had pain in her feet but an 'unremarkable' gait." [*Id.* at 6].

The Court respectfully finds that the Commissioner's position on this issue, albeit unsuccessful, was substantially justified. In arguing that the ALJ's decision should be affirmed, the Commissioner argued that the ALJ "considered Plaintiff's subjective descriptions of her symptoms" as part of his analysis of Plaintiff's RFC. [Doc. 17 at 14]; *see also* [*id.* at 16 ("Consistent with the Commissioner's regulations, the ALJ discussed the evidence and ultimately concluded that Plaintiff was not as limited as she claimed (Tr. 1952-55).")]. Despite this argument, however, the Court noted that the Commissioner failed to point to any of Plaintiff's statements regarding the "subjective descriptions of her symptoms" that the ALJ addressed in his decision, and the Court likewise could not find any in the record. [Doc. 21 at 29 (citations omitted)].

But the fact that the Court ultimately found that the Commissioner had not properly articulated the basis for his decision does not mean that the Commissioner's position was unreasonable. *See Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011). A litigant's position is reasonable if it "enjoyed substantial justification in fact and law; that is, whether its litigation position was *reasonable* even if *wrong*." *Id.* Here, the Court finds that the Commissioner's decision was reasonably based on Tenth Circuit precedent. Indeed, the Commissioner cited *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1169 (10th Cir. 2012), for the proposition that an ALJ need not "explicitly state 'I find this statement credible' or 'I find this statement not credible' for each factual assertion made by" a claimant. [Doc. 17 at 16]. In addition, the Commissioner referenced the ALJ's ultimate conclusion "that Plaintiff was not as limited as she claimed" following his

9

discussion of the evidence generally, and that Plaintiff similarly "ha[d] not proved she was as limited as she claimed . . . nor ha[d] she even alleged that the ALJ's evaluation lacked substantial evidence." [*Id.* at 16].

Notably, the Commissioner asserted these positions in response to Plaintiff's argument in her opening brief, [Doc. 14]; but, as the Court noted in its Memorandum Opinion and Order, "Plaintiff's complaint of error" on this issue in her opening brief was "not entirely clear" in the first instance, including that Plaintiff failed to "precisely identify any relevant testimony or other statements regarding her symptoms that the ALJ should have considered." [Doc. 21 at 29 (citations omitted)]. Thus, the fact that the Court was ultimately unpersuaded by the Commissioner's arguments, based on a case-specific analysis, does not render the Commissioner's position unjustified. *See Badar v. Colvin*, 215 F. Supp. 3d 1067, 1069 (D. Colo. 2016) ("Although the Court found that this RFC did not account for Plaintiff's moderate limitations, the ALJ and the Commissioner were substantially justified in relying on this reasoning, given the Tenth Circuit's decision in *Vigil*."); *Rhonda L. S. v. Berryhill*, No. 17-cv-0593-CVE-JFJ, 2019 WL 2526202, at *1 (N.D. Okla. June 19, 2019) (where the defendant's position was supported by legal authority and the issue "was subject to reasonable disagreement," finding that even though the court ruled in favor of the plaintiff, the defendant's position was substantially justified).

Likewise, the Court does not find the government's position in the underlying administrative action lacked substantial justification. In *Keyes-Zachary*, the Tenth Circuit found that an ALJ's discussion of a claimant's subjective statements regarding her symptoms was sufficient where the ALJ "listed many of her specific factual assertions, often following them by a qualifying statement to indicate where he believed her testimony was contradicted or limited by other evidence in the record." *Keyes-Zachary*, 695 F.3d at 1169. The court explained that

10

"although the ALJ may not have identified any specific incredible statements as part of his evaluation of [the claimant's] hearing testimony, his approach performed the essential function of a credibility analysis by indicating to what extent he credited what she said when determining the limiting effect of her symptoms." *Id.* at 1170.  Here, the Court found that the ALJ's decision did not meet this standard because he "did not properly assess Plaintiff's credibility insofar as he failed to provide adequate reasons for his findings, and because he did not closely and affirmatively link his conclusions to the evidence." [Doc. 21 at 31–32].

In the instant Motion, Plaintiff claims that "[t]he Court found this error was harmful, and reversed and remanded as a result." [Doc. 26 at 5]; *see also* [Doc. 29 at 7 (arguing "the Court found the ALJ's error in his evaluation of [Plaintiff's] consistency to be so harmful that it required a reversal and remand of the entire claim")].  However, this is incorrect.  Indeed, the Court explained "it is unclear whether or not this error was harmless," [*id.* at 32], and further emphasized that "[i]n remanding on this issue, this Order should not be read as stating that the ALJ was wrong in determining that Plaintiff's subjective complaints of pain lack support in the record.  Rather, the Court is stating that the ALJ did not properly articulate his findings on this issue, as required by the regulations." [*Id.* at 32 n.10].

In addition, notwithstanding any of Plaintiff's hearing testimony,[5] the Court identified only one medical record—which the ALJ cited—that referenced a statement by Plaintiff that "in April 2011, just after the date last insured, [she] reported pain [in] her feet, but gait was otherwise unremarkable." [Doc. 21 at 30 (citing [Doc. 13-15 at 1952])].  The Court noted that the April 2011

---

[5] As discussed in the Memorandum Opinion and Order, Plaintiff discussed other symptoms at her hearing before the ALJ.  [Doc. 21 at 30–31]; *see also* [*id.* at 32 ("[T]he ALJ did not address Plaintiff's testimony that, due to pain in her feet and knees, she had 'difficulty standing for a long period of time' and 'would need breaks to sit down.'")].

11

record included other statements regarding Plaintiff's pain in her lower extremities that the ALJ did not mention in his decision, "despite his reliance on Plaintiff's complaints of feet pain in this record in support of his RFC findings." [*Id.*]. However, that the ALJ considered at least one (but not all) statements in that record does not suggest his conclusion lacked substantial justification, particularly in light of the remainder of ALJ's analysis of Plaintiff's medical records. *See* [Doc. 13-15 at 1952–55]; *see also DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 727 (6th Cir. 2014) (holding that "an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification," and explaining that "[a] fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position. Thus, although remand on any ground theoretically may support an award of fees under the EAJA, such an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification."); *accord Hays v. Berryhill*, 694 F. App'x 634, 638 (10th Cir. 2017).

## II.     Special Circumstances

The Commissioner also argues that special circumstances make an award of fees unjust in this case. [Doc. 28 at 8]. For support, she reiterates that, "as to the only issue that the Court found in Plaintiff's favor, Plaintiff's 30-page opening brief devoted barely more than a page to this issue and included no case-specific citations apart from one citation to the ALJ's decision (*see* ECF No. 14 at 33-34)." [Doc. 28 at 9]. The Commissioner contends that "it was well within the Court's discretion" to find that Plaintiff waived any discussion on this issue by failing to develop her arguments more fully. [*Id.*]. Instead, the Commissioner continues, "the Court dug into the issue on its own, despite the lack of clarity and development in Plaintiff's briefing." [*Id.*]. And although Plaintiff is "the prevailing party," the Commissioner argues that her "briefing contributed little to obtaining that status." [*Id.*].

The Court finds that special circumstances would make an award unjust in this case. In her Reply brief, Plaintiff cites *United States v. 27.09 Acres of Land, More or Less, Situated in Town of Harrison & Town of N. Castle*, 43 F.3d 769, 775 (2d Cir. 1994), for the proposition that "[c]ourts have found 'special circumstances' sufficient to deny fees . . . where the party requesting EAJA fees was merely riding the 'coattails' of the efforts of other parties who were already protecting their interests." [Doc. 29 at 9]. In that case, the Second Circuit explained that "[t]he basic question is whether the actions of the eligible parties and their counsel were reasonable and necessary to the successful prosecution of the case." *27.09 Acres of Land*, 43 F.3d at 775 (quoting *Washington Dep't of Wildlife v. Stubblefield*, 739 F. Supp. 1428, 1432 (W.D. Wash. 1989)). "At the same time," however, the "EAJA should be administered in ways that deter free riding by unnecessary parties." *Id.* Relying on *27.09 Acres of Land*, Plaintiff contends that her "argument on the issue of the ALJ's findings regarding her consistency was sufficient to guide the Court to the conclusion that the ALJ's findings were so minimal that they violated the Commissioner's policy and that remand was required." [Doc. 29 at 9–10].

The Court does not find the facts in *27.09 Acres of Land* to be directly on point with this case, and respectfully disagrees that it was Plaintiff's "argument on the issue" that led the Court to conclude that remand was appropriate. To be sure, the Court generally "agree[d] with Plaintiff that the ALJ failed to provide an adequate explanation or support for his conclusion that Plaintiff's statements regarding her symptoms were inconsistent with the evidence in the record." [Doc. 21 at 29]. However, the Court also explained that "Plaintiff's complaint of error" lacked clarity, and she failed to "precisely identify any relevant testimony or other statements regarding her symptoms that the ALJ should have considered." [Doc. 21 at 29]. Thereafter, the Court conducted a close examination of the record to identify examples of such statements to determine whether any

13

inconsistencies existed between Plaintiff's statements and the ALJ's RFC finding. *See* [*id.* at 29–32]. And "[b]ecause the record contained some objective evidence of an impairment capable of producing the type of pain *of which Plaintiff complained*, the ALJ was required to consider whether Plaintiff's impairments were in fact disabling, based on all of the evidence of record, both objective and subjective." [*Id.* at 31 (emphasis added) (citation omitted)]. Given Plaintiff's failure to direct the Court to any of her subjective statements regarding her pain, however, the Court was only able to determine that "the record contained some objective evidence of an impairment capable of producing the type of pain of which Plaintiff complained" by independently identifying any complaints made by Plaintiff in the first instance. Moreover, as explained above, the Court emphasized that:

> [i]n remanding on this issue, this Order should not be read as stating that the ALJ was wrong in determining that Plaintiff's subjective complaints of pain lack support in the record. Rather, the Court is stating that the ALJ did not properly articulate his findings on this issue, as required by the regulations.

[*Id.* at 32 n.10]. In light of these circumstances, the Court cannot agree with Plaintiff's statement that the sufficiency of her argument "guided the Court" to conclude that remand was warranted. [Doc. 29 at 10].

In sum, the Court concludes that the Commissioner's position was substantially justified in law and fact, and special circumstances do not warrant an award of fees under the circumstances of this case.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

1. The Motion for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 [Doc. 26] is **DENIED**.

DATED: May 9, 2023                          BY THE COURT:

_____
Nina Y. Wang
United States District Judge

15